985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis BALTAZAR-HIGAREDA, Defendant-Appellant.
 No. 92-50404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Baltazar-Higareda appeals his conviction, following a jury trial, for possessing a document-making implement with the intent that it be used to produce false identification documents in violation of 18 U.S.C. § 1028(a)(5). Baltazar-Higareda claims the district court erred by refusing to instruct the jury that he could not be convicted unless he "consciously desired" that the implement be used to produce false documents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legal question whether a jury instruction misstated an element of a statutory crime. United States v. Pitner, 979 F.2d 156, 159 (9th Cir.1992). "Jury instructions, however, do not have to be perfect to withstand challenge on appeal." Id. (citing United States v. Tham, 960 F.2d 1391, 1399 (9th Cir.1992)). "The proper inquiry is whether, considering the charge as a whole, the trial court's instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." Tham, 960 F.2d at 1399.
 
 
 4
 Here, Baltazar-Higareda was charged with violating 18 U.S.C. § 1028(a)(5), which prohibits possessing a document-making implement "with the intent" that it be used illegally. Baltazar-Higareda asked the district court to instruct the jury as follows:
 
 
 5
 Mr. Baltazar-Higareda acted "with the intent" that the document making implements be used in the production of a false identification document if he consciously desired that the document making implements be used in the production of a false identification document. Therefore, if you do not find, beyond a reasonable doubt, that Mr. Baltazar-Higareda consciously desired that the document making implements be used in the production of a false identification document, then you must find him not guilty.
 
 
 6
 Instead, the district court instructed the jury, "if you do not find beyond a reasonable doubt that Mr. Baltazar-Higareda intended that the document-making implements be used in the production of a false identification document, then you must find him not guilty."
 
 
 7
 Appellant relies on a Congressional Committee report which cites the distinction between purposeful and knowing conduct as the Supreme Court described it in United States v. U.S. Gypsum Co., 438 U.S. 422, 445 (1978). There, the Court explained that the purposeful actor "consciously desires" the result he achieves whereas the knowing actor is merely aware that that result is practically certain to follow from his conduct, whatever he desires. Appellant argues that, unguided by the "conscious desire" language, the jury convicted him for merely knowing that the implement was practically certain to be used illegally.
 
 
 8
 Appellant's argument boils down to the claim that "consciously desire" denotes "intend" more accurately than "intend" does. We disagree. Moreover, there is no reason to believe that the jury understood the word "intend" to mean "know." Therefore, we are satisfied that the district court's instruction accurately stated the law. See Pitner, 979 F.2d at 159.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3